[Civ. No. 10825. Fourth Dist., Div. One. Sept. 10, 1971.]

Estate of CHARLES RICHARD ST. JOHN, Deceased.
KATHRYN INEZ CONNORS, as Executrix, etc.,
Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA FIRST NATIONAL BANK et al.,
Defendants and Respondents.

## COUNSEL

Miller, Evatt & Jennings and Stanley E. Jennings for Plaintiff and Appellant.

Borevitz, Malkus & Traub, James A. Malkus, Procopio, Cory, Hargreaves & Savitch and William R. Potter for Defendants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Kathryn Inez Connors, executrix of the will of Charles Richard St. John, appeals from the denial of her petition for orders prorating estate and inheritance taxes and requiring the beneficiaries of nonprobate insurance proceeds, which were included in the gross estate for purposes of determining taxes, to pay their proportionate share of the taxes to the executrix.

Charles Richard St. John died testate July 8, 1966. Most of his estate consisted of nonprobate insurance proceeds which went to his four children but were taxable to his estate. His will provided for a specific bequest of $10,000 to Kathryn, nominated her as executrix, and gave the residue in equal shares to decedent's children. The will further provided: "I direct that all estate and inheritance taxes occasioned or payable by reason of my death, whether attributable to properties subject to probate administration or to outside transfers, shall be paid out of the residue of my estate disposed of by this Will, as an expense of administration and without apportionment, deduction or reimbursement therefor, and without adjustment among the residuary beneficiaries."

The residuary estate was insufficient to meet the administration expenses and taxes. On July 28, 1967, the court settled Kathryn's first and final account and by decree of distribution disposed of all property in the estate. None of the taxes were prorated to the decedent's children by the decree of distribution. To pay the tax expenses, Kathryn's specific bequest was abated so she received $2,300.74 cash and a real property lot located in Las Vegas, Nevada, with an appraised value of $1,300 under an omnibus clause in the decree disposing of "Such further sums as will equal a total of $10,000 of properties of decedent, whether described herein or not, to KATHRYN INEZ CONNORS." Kathryn waived her executrix fees. No appeal was taken from the decree of final distribution.

By letter dated September 24, 1968, Kathryn was advised of a $3,561.47 tax deficiency in the estate by district director of the Internal Revenue Service. On December 17, 1969, Kathryn paid the tax deficiency plus accrued interest of $244.96 from her own funds. She has thus suffered a net loss from her involvement with the estate.

Kathryn petitioned for the order prorating taxes May 14, 1970; the court

denied the petition and filed findings of fact and conclusions of law on October 26, 1970.

■ Whether there should be a proration of taxes was a matter determined by the decree of final distribution. Because the failure to prorate caused an abatement of Kathryn's specific bequest, proration was not only in issue, Kathryn was a party aggrieved by the determination not to prorate taxes. By failing to appeal, she has allowed that determination to become final. *Estate of Callnon,* 70 Cal.2d 150, 156 [74 Cal.Rptr. 250, 449 P. 2d 186] says: " 'The administration of a decedent's estate involves a series of separate proceedings, each of which is intended to be final. . . .' [Citations.] A decree of distribution is a judicial construction of the will arrived at by the court ascertaining the intent of the testator. [Citations.] Once final, the decree supersedes the will [citations] and becomes the conclusive determination of the validity, meaning and effect of the will, the trusts created therein and the rights of all parties thereunder." ■ Even if the decree is erroneous, the decree of distribution is conclusive as to the rights of heirs, devisees and legatees once it becomes final (*Estate of Callnon, supra,* 70 Cal.2d 150, 157). ■ Because the decree of final distribution determining taxes were not to be prorated has become final, that issue may not be re-opened and the will be reconstrued by a petition to prorate taxes.

Kathryn contends the decree did not purport to distribute any residue (it having been exhausted by expenses) and a recovery of money through proration should lead to further administration of the estate under Probate Code section 1067. Section 1067 provides the final settlement of an estate shall not prevent further administration "if other property of the estate is discovered, or if it becomes necessary or proper for any cause that letters should again issue." The "other property of the estate" referred to in section 1067 is necessarily probate property. Here Kathryn seeks to bring nonprobate property into the estate and then treat it as though it were "property of the estate." Since all property of the estate has been distributed, and no newly discovered property of the estate is involved, the court had no "other property of the estate" before it upon which it could act under section 1067.

■ On the other hand, section 1067 allows further administration where it becomes necessary or proper for any cause. While Kathryn is bound by the determinations in the final decree (1) there is to be no proration, and (2) the specific bequest of $10,000 to her is abated to the extent the residue is insufficient with which to pay taxes, those determinations are limited to the extent of probate property. The distribution decree could not, by ordering no proration, have invaded Kathryn's own funds. Without

modifying the resolution of the proration and abatement questions in the decree, the court may order prorata contributions by the nonprobate bene-. ficiaries to prevent Kathryn from being out of pocket, i.e., abate all of her specific bequest and prorate among the nonprobate beneficiaries the balance of the deficiency tax remaining after abatement. It is so ordered. Affirmed in part and reversed in part with directions.

Whelan, J., and Ault, J., concurred.

A petition for a rehearing was denied September 16, 1971.